**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLIFFORD REUTHER, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2850** |
| **GARDNER REALTORS** | **SECTION: "G"(5)** |

**ORDER**

Before the Court are Defendant Gardner Realtors' "Motion in Limine"[1] and Plaintiffs Clifford Reuther and Claudette Reuther's (collectively, "Plaintiffs") "Motion to Strike and Motion for Sanctions."[2] For the following reasons, the Court will deny Defendant's motion and deny Plaintiffs' motion as moot.

In this case, Plaintiffs allege that Clifford Reuther was terminated from his position as a branch manager for Gardner Realtors because of his age and due to his health problems, in violation of the Age Discrimination in Employment Act and Title VII, and that Claudette Reuther was terminated solely because she is married to Clifford Reuther, in violation of Title VII and the anti-retaliation provisions of the ADEA.[3] On August 15, 2016, Defendant filed a motion for summary judgment arguing that the claims against it should be dismissed because Plaintiffs are independent contractors and therefore cannot bring suit under the federal statutes at issue in this case.[4] On August 17, 2016, the Court *sua sponte* denied Defendant's motion as untimely filed,

---

[1] Rec. Doc. 39.

[2] Rec. Doc. 49.

[3] *See* Rec. Doc. 1.

[4] Rec. Doc. 30.

noting that the scheduling order required Defendant to file the motion by no later than July 19, 2016, and that Defendant had nevertheless filed the motion nearly four weeks late without requesting leave of the Court.[5] In its Order, the Court noted that Defendant's late submission would prejudice Plaintiffs by forcing them to litigate the motion during the time that they should be preparing for trial, and would inconvenience the Court by giving it insufficient time to resolve the legal issues in advance of trial, scheduled to begin on September 26, 2016.[6]

On August 17, 2016, Defendant filed a motion for leave to file its motion for summary judgment out of time, arguing that its delay in filing the motion had been caused by Plaintiffs' failure to timely provide responses to discovery.[7] On August 19, 2016, the Court denied Defendant's motion, finding that Defendant had not shown good cause for failing to request the Court to extend the deadline for filing dispositive motions before the deadline had lapsed, rather than wait until nearly a month afterward to file its motion, and without requesting leave of the Court to do so.[8] Moreover, the Court concluded that Defendant had not explained why it was unable to timely complete preparing its motion for summary judgment after ultimately receiving the discovery it had requested, particularly in light of the fact that the discovery had been received prior to the Court's deadline for completing discovery and its deadline for filing dispositive motions.[9]

---

[5] Rec. Doc. 35.

[6] *Id.*

[7] Rec. Doc. 36 at 1.

[8] Rec. Doc. 38 at 5.

[9] *Id.* at 5–6.

On August 23, 2016, Gardner Realtors then filed the instant motion in limine.[10] In the motion, Defendant renews its arguments that Plaintiffs' claims are not actionable under Title VII or the ADEA because the plaintiffs were independent contractors, and asks the Court to therefore exclude any evidence that would be introduced to establish a violation of those statutes, as such evidence "would not be relevant or germane as the statutory provisions do not apply in an independent contractor relationship."[11]

The following day, on August 24, 2016, Plaintiffs filed the instant motion to strike and motion for sanctions, arguing that the motion in limine was in substance just a renewed untimely filed dispositive motion.[12] Therefore, Plaintiffs contend, the Court should sanction Defendant, specifically by ordering it to pay attorney's fees for Plaintiffs' costs in challenging "this repetitive untimely filing," and moreover should preclude any defense argument or evidence based on the theory that Plaintiffs are independent contractors.[13] On August 26, 2016, Defendant filed an opposition, arguing that because the motion in limine does not "seek to conclude the case," but instead "seeks to exclude inappropriate evidence, prior to trial, [it] **<u>is not a dispositive motion</u>**."[14] Furthermore, Defendant contends, "no prohibition exists on using the motion in limine to decide dispositive issues."[15] At the request of Plaintiffs, on August 26, 2016, the Court expedited hearing

---

[10] Rec. Doc. 39.

[11] Rec. Doc. 39-1 at 1.

[12] Rec. Doc. 49 at 1.

[13] *Id.*

[14] Rec. Doc. 53 at 2 (emphasis in the original).

[15] *Id.* at 4 (citing 21 Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5037.10 (2d ed.))

on Plaintiffs' motion to strike, setting the motion for hearing on August 30, 2016 at 10:00 a.m., without oral argument.[16]

Although Plaintiffs have not yet filed a formal opposition to Defendant's motion in limine, the Court construes the pending motion to strike as an opposition to Defendant's motion. Defendant's motion, in sum, renews many of the arguments made in Defendant's untimely motion for summary judgment.[17] Gardner Realtors argues that Plaintiffs were independent contractors, not employees, and therefore cannot prevail under any provision of the ADEA or Title VII.[18] If Gardner Realtors is correct in its assertion that Plaintiffs are barred from bringing claims under the ADEA or Title VII, Defendant argues, this Court should exclude any evidence of violations of those statutes.[19]

Defendant contends that its motion is aimed solely at limiting evidence and is not a dispositive motion.[20] However, it also argues that there is no limitation on using motions in limine to decide a dispositive issue.[21] In support, Gardner Realtors cites a treatise, *Federal Practice and Procedure*, which itself cites only one California state court case stating that another California case could not be read to have created a "blanket prohibition on the use of in limine proceedings to decide dispositive issues."[22] However, as *Federal Practice and Procedure* acknowledges—and

---

[16] Rec. Doc. 55.

[17] *Compare* Rec. Doc. 39-1 *with* Rec. Doc. 30.

[18] Rec. Doc. 39-1 at 8.

[19] *Id.* at 8–9.

[20] Rec. Doc. 53 at 1.

[21] *Id.* at 4.

[22] *Id.* (citing 21 Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5037.10 (2d ed.) (*citing K.C.*

Defendant does not—other courts have repeatedly condemned the use of a motion in limine as a substitute for a motion for summary judgment.[23] Indeed, district courts within the Fifth Circuit have likewise often declined to grant motions in limine that have asked the court to decide or reconsider a dispositive issue of law that could or should have been decided on a motion for summary judgment.[24]

Although Defendant repeatedly states that its motion is not a motion for summary judgment because it does not ask the Court to dispose of any claims, Defendant's motion does not present "discrete evidentiary issues related to trial"[25] regarding specific evidence that Plaintiffs seek to present. Instead, Gardner Realtors broadly asserts that no evidence at all can be presented regarding violations of the ADEA and Title VII, as such evidence is not relevant because the statutory

*Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 950 (2009)).

[23] *See id.* (citing *Provident Life & Accident Ins.Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582 (6th Dist. 2008); *Hercules, Inc. v. AIU Ins. Co.*, 784 A.2d 481, 499 (Del. 2001); *BHG, Inc. v. F.A.F., Inc.*, 784 A.2d 884 (R.I. 2001); *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 191 (Tenn. Ct. App. 2008)); *see also Dunn ex rel Albery v. State Farm Mut. Auto Ins. Co.*, 264 F.R.D. 266, 274–75 (E.D. Mich. 2009) ("[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine. . . . The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case."); *Graves v. District of Columbia*, 850 F. Supp. 2d 6 (D.D.C. 2011); *Sabre Int'l Sec. v. Torres Advanced Enterprise Solutions, LLC*, 72 F. Supp. 3d 131 (D.D.C. 2014); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (collecting cases).

[24] *See, e.g.*, *Marlow, LLC v. BellSouth Telecomms., Inc.*, 2013 WL 125900, at *3 (S.D. Miss. Jan. 9, 2014) (declining to grant a portion of a motion in limine raising a statute of limitations defense on the basis that the dispositive motion deadline had already passed and the motion in limine was a substitute for an untimely motion for summary judgment); *In re Katrina Canal Breaches Consol. Litig.*, 2009 WL 982104, *4–5 (E.D. La. Apr. 13, 2009) (Duval, J.) (concluding that a motion in limine was not the proper method to request reconsideration of denial of a motion for summary judgment or to file an untimely motion for summary judgment); *Morgan v. Mississippi*, No. 07–15, 2009 WL 3259233, at *1 (S.D. Miss. Oct.8, 2009) (concluding that "a motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict"( (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5037.18 (2d ed. 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases")) (additional citations omitted).

[25] *See Dunn ex rel Albery*, 264 F.R.D. at 274.

provisions do not apply in an independent contractor relationship.[26] In order to exclude such evidence as irrelevant, the Court would first need to review the evidence that Defendant alleges would be presented at trial, and, following that review, make a legal determination of whether there is no genuine, disputed issue of material fact regarding whether Plaintiffs were independent contractors who are not statutorily protected by the ADEA or Title VII—precisely the analysis the Court would engage in on a motion for summary judgment. Therefore, regardless of the label on the motion, Defendant is clearly using a motion in limine to decide an issue that would dispose of Plaintiffs' ability to try their claims, as opposed to asking the Court to decide a discrete evidentiary issue.[27] However, until such claims are dismissed, evidence intended to meet Plaintiffs' burden of proof on their pending claims is clearly relevant under Federal Rule of Evidence 401, which states that evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Because no dispositive motions were timely filed in this matter, the Court has not dismissed any of the claims pending in this matter. Accordingly, all claims stated in Plaintiffs' complaint remain viable for trial. Thus, Defendant's motion in limine to exclude evidence related to Plaintiffs' Title VII or ADEA claims as irrelevant is clearly without merit, as such evidence would have the tendency to make a fact that is of consequence in determining this action more or less

---

[26] Rec. Doc. 39-1 at 1.

[27] Indeed, Defendant acknowledged as much in a motion to continue the settlement conference before the magistrate judge. *See* Rec. Doc. 44-1. Therein, Defendant asserted that "the Motion in Limine questions whether plaintiff can prevail in any cause of action alleged in the complaint." *Id.* at 1.

probable than it would be without the evidence.[28] Because the Court herein denies Defendant's motion in limine on the merits, there is no need to strike the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Gardner Realtors' motion in limine[29] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike and motion for sanctions[30] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA**, this 2nd day of September, 2016.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[28] *See* Fed. R. Evid. 401.

[29] Rec. Doc. 39.

[30] Rec. Doc. 49.