**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLIFFORD REUTHER, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2850** |
| **GARDNER REALTORS** | **SECTION: "G"(5)** |

## ORDER

Before the Court is Plaintiffs Clifford Reuther and Claudette Reuther's ("Plaintiffs") "Motion in Limine" requesting exclusion of all testimony by any witness testifying in a role of corporate representative or custodian of records.[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny it in part.

## I. Background

In this litigation, Plaintiffs allege that Defendant Gardner Realtors ("Defendant") terminated their employment in violation of the Age Discrimination in Employment Act, the Americans with Disabilities Act and Title VII.[2] On September 15, 2016, Plaintiffs filed the instant motion.[3] On September 21, 2016, Defendant filed an opposition to the motion.[4] On September 23,

---

[1] Rec. Doc. 81.

[2] Rec. Doc. 1.

[3] Rec. Doc. 81.

[4] Rec. Doc. 83.

2016, with leave of Court, Plaintiffs filed a reply memorandum in support of their motion.[5]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of Their Motion in Limine*

Plaintiffs move the Court for an Order excluding all testimony by any witness which: (1) "[p]urports to be on behalf of or state the position of Gardner Realtors as a corporate entity on any matter, issue, claim or defense as no defense witness was identified as a corporate representative in the Pre-Trial Order witness list or the previously filed Witness List filed on behalf of the defendant;" and (2) "[p]urports to be testimony as a custodian of records as no defense witness was identified as such in the Pre-Trial Order witness list or the previously filed Witness List filed on behalf of the defendant."[6]

Plaintiffs argue that the Court's Scheduling Order specifies procedures for designating witnesses.[7] They assert that there is a "distinction between a fact witness who is testifying as to personally known and observed facts versus a corporate witness who can testify as to the corporate intent, corporate policy, and corporate knowledge."[8] Plaintiffs note that there is a "special provision for deposition of a corporate witness," and it is common practice for a corporate witness to be deposed twice, once as a fact witness and then as a corporate witness.[9] Plaintiffs cite a Western District of Texas case to support their contention that "the testimony of a fact witness

---

[5] Rec. Doc. 88.

[6] Rec. Doc. 81 at 1.

[7] Rec. Doc. 81-1 at 1.

[8] *Id.* at 2.

[9] *Id.*

cannot simply be adopted as the testimony of a corporate witness."[10] Plaintiffs also assert that similar logic applies as to the custodian of records because Defendant failed to designate a custodian.[11]

**B.     *Defendant's Arguments in Opposition to Plaintiffs' Motion in Limine***

Defendant oppose Plaintiffs motion, arguing that the Pretrial Order lists Glenn Gardner as its witness.[12] It notes that the Pretrial Order identifies Mr. Gardner as its "President of Operations," and indicates that Mr. Gardner will testify "regarding Gardner polices."[13] Therefore, Defendant asserts that Mr. Gardner is clearly its corporate representative, and Plaintiffs' suggestion that no corporate representative has been identified is frivolous.[14]

Defendant also contends that Plaintiffs' claim that it failed to identify a custodian of records is without merit.[15] Defendant asserts that it identified Karin St. Romain as a witness "to authenticate any necessary Gardner documents."[16]

**C.     *Plaintiffs' Arguments in Further Support of Their Motion in Limine***

In their reply memorandum, Plaintiffs argue that Defendants did not properly designate a corporate representative.[17] Plaintiffs assert that Defendant does not dispute their argument that

---

[10] *Id.* (citing *Southwestern Bell Telephone, L.P. v. UTEX Communications Corp.*, 2009 WL 8541000, *2 (W.D. Tex. 9/30/09).

[11] *Id.*

[12] Rec. Doc. 83 at 1.

[13] *Id.*

[14] *Id.* at 1–2.

[15] *Id.* at 2.

[16] *Id.*

[17] Rec. Doc. 88 at 1.

"absent proper designation of a witness as a corporate representative, no testimony should be allowed from a witness in the capacity of a corporate representative."[18] Instead, Plaintiffs note, Defendant argues that because Glenn Gardner is listed as the "President of Operations" he has been properly listed as a corporate representative.[19]

Plaintiffs concede that Karin St. Romain may serve as a custodian of records, noting that Defendant's narrative description in the Pretrial Order states that Ms. St. Romain "may also be called to authenticate any necessary Gardner documents."[20]

However, Plaintiffs maintain that Defendant's designation of Glenn Gardner is insufficient because "he is not identified as a witness for a broad nominate class of testimony, and there is nothing about the description given that indicates he will testify beyond his personal knowledge."[21] Plaintiffs assert that "[t]he ability, even the duty, of a corporate representative to testify concerning and bind the entity on matters beyond their personal knowledge is the sine qua non of corporate representative testimony," and "[t]he procedural fact that [Mr. Gardner] was listed to testify as to certain facts does not convert him to a corporate witness."[22]

Plaintiffs assert that listing Mr. Gardner's corporate title was insufficient to constitute a designation as a corporate witness.[23] They argue that Defendant's witness list provides the names of six individuals and their job titles, and all of those witness are clearly not corporate

---

[18] *Id.*

[19] *Id.*

[20] *Id.* at 1–2 (quoting Rec. Doc. 63 at 38).

[21] *Id.* at 2.

[22] *Id.*

[23] *Id.* at 3.

representatives.[24]

Finally, Plaintiffs assert that "corporate trial witness designations must be specific."[25] They cite a District of New Mexico Bankruptcy Court case to support the proposition that "a generic listing of a corporate representative as a trial witness without naming the witness is insufficient."[26] They also cite a Southern District of Florida case to support the proposition that "the deposition of the corporate president as a fact witness did not preclude the later deposition of the same individual as a corporate representative."[27] Plaintiffs contend that "[m]erely listing a person, or deposing them with their corporate title does not make them a corporate representative."[28] Plaintiffs assert that a witness becomes a corporate representative by "specific designation," which was not done here, and therefore any corporate testimony should be excluded.[29]

### III. Law and Analysis

Plaintiffs seek to exclude testimony from any witness that "[p]urports to be on behalf of or state the position of Gardner Realtors as a corporate entity on any matter, issue, claim or defense as no defense witness was identified as a corporate representative."[30] In response, Defendant assert that it has properly designated Glenn Gardner as its corporate representative, and he should be allowed to testify as such.

---

[24] *Id.*

[25] *Id.*

[26] *Id.* (citing *In re Otero County Hosp. Ass'n, Inc.*, 2014 WL 184984, *10 (Bankr. D. N.M. Jan. 15, 2014)).

[27] *Id.* (citing *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 2009 WL 3418148 (S.D. Fla. Oct. 19, 2008)).

[28] *Id.* at 3.

[29] *Id.*

[30] Rec. Doc. 81 at 1.

Plaintiffs cite non-binding, district and bankruptcy court cases that do not specifically address the issue of corporate representatives testifying at trial.[31] However, the Fifth Circuit has addressed this issue. In *Union Pump Co. v. Centrifugal Technology Inc.*, the Fifth Circuit noted that Federal Rule of Evidence 602 limits the scope of a witness's testimony to matters that are within his or her personal knowledge. The Fifth Circuit recognized that "Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial."[32] However, the Fifth Circuit found that the district court erred in allowing a corporate representative to testify at trial to matters that were within the corporation's knowledge but not within his own personal knowledge.[33] The Fifth Circuit reasoned that "a corporate representative may not testify to matters outside his own personal knowledge to the extent that information is hearsay not falling within one of the authorized exceptions."[34]

In the Pretrial Order, Plaintiffs and Defendant both lists Glenn Gardner as a will call witness. Plaintiff states that Glenn Gardner will testify "concerning his personal knowledge of events occurring during the plaintiffs' employment with defendant, the termination of that relationship, and the operation of defendant."[35] Defendant states that Glenn Gardner will testify to

---

[31] *See In re Otero County Hosp. Ass'n, Inc.*, 2014 WL 184984, *10 (Bankr. D. N.M. Jan. 15, 2014) ("Rule 30(b)(6) applies to deposition testimony, not trial testimony."); *DHL Express (USA), Inc. v. Express Save Indus. Inc.*, 2009 WL 3418148 (S.D. Fla. Oct. 19, 2008) (addressing whether a party may depose an opposing party's Rule 30(b)(6) corporate representative when it has already deposed the representative in his individual capacity); *Southwestern Bell Telephone, L.P. v. UTEX Communications Corp.*, 2009 WL 8541000, *2 (W.D. Tex. Sept. 30, 2009) (same).

[32] *Union Pump Co. v. Centrifugal Technology Inc.*, 404 F. App'x 899, at *7 (5th Cir. 2010) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006)).

[33] *Id.*

[34] *Id.* (internal citations and quotation marks omitted).

[35] Rec. Doc. 63 at 37.

"the facts and circumstances surrounding the termination of both plaintiffs. He will also testify regarding Gardner policies with respect to the relationship Gardner had with plaintiffs, prior to termination."[36] Therefore, it appears that both parties intend to call Glenn Gardner to testify regarding operations at the company and company policies. To the extent that such information is within Mr. Gardner's personal knowledge, the Court will not exclude him from testifying. However, the Court will exclude Mr. Gardner or any other witness from testifying as a corporate representative to matters outside his or her own personal knowledge to the extent that such testimony is hearsay not falling within one of the authorized hearsay exceptions.[37]

Plaintiffs' motion also seeks to exclude testimony from any witness who purports to be a custodian of records because no defense witness was identified as such in the Pretrial Order. However, in their reply brief, Plaintiffs withdrew this argument, noting that Defendant had properly identified Karin St. Romain as a custodian of records. Accordingly, the Court denies Plaintiff's motion to exclude testimony from any witness who purports to be a custodian of records.

---

[36] *Id.* at 38.

[37] *Union Pump*, 469 F.3d at 434.

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion in Limine"[38] is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent it requests that the Court exclude any witness from testifying as a corporate representative to matters outside his or her own personal knowledge to the extent that such testimony is hearsay not falling within one of the authorized hearsay exceptions. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA**, this  _23rd_   day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 81 at 1.